IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENDELL HILL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WILLIAM PATRICK, et al. | : | No. 05-5261 |

### AMENDED MEMORANDUM AND ORDER

Presently before the Court is Petitioner's pro se motion for change of venue. For the reasons set forth herein, the motion will be denied.

This Court has attempted to liberally construe Petitioner's motion for change of venue in an effort to ensure that all of his arguments are identified. Although Petitioner titles his motion a "motion for change of venue" and refers this court to Federal Rule of Criminal Procedure 38(b),[1] and Federal Rule of Appellate Procedure 22,[2] I do not believe that Petitioner has brought his motion under the appropriate vehicle for relief. Motions for change of venue are governed by Federal Rule of Criminal Procedure 21. To obtain a change of venue, the court must be satisfied that "so great a prejudice" against Petitioner exists that Petitioner cannot obtain a fair and impartial trial. See Fed. R. Crim. P. 21(a). The Federal Rules of Criminal Procedure are not applicable to habeas petitions. See Long v. Wislon, 393 F.3d 390, 397 (3d Cir. 2004) (the Federal Rules of Civil Procedure

---

[1]Federal Rule of Criminal Procedure 38 is titled "Staying a Sentence or Disability." Subsection (b) refers to the effect upon a defendant if a stay is denied or granted. Fed. R. Crim. P. 38(b)(1)-(2).

[2]Federal Rule of Appellate Procedure 22 is titled "Habeas Corpus and Section 2255 Proceedings". Subsection (a) refers to "Application for the Original Writ" while subsection (b) refers to "Certificate of Appealability." Fed. R. App. P. 22.

are applicable to federal habeas petitions to the extent that they are not in conflict with the habeas rules); see also Rules Governing Section 2254 Cases in the United States District Courts, Rule 11 (the Federal Rules of Civil Procedure may be applied to a habeas proceeding, to the extent that they are not inconsistent with any statutory provisions or the habeas corpus rules).  Notwithstanding, I conclude that Petitioner has not shown that prejudice has prevented or will prevent a fair and impartial review of his habeas petition.

In support of his motion, Petitioner argues that he has been prejudiced because this Court engaged in a "one sided reading" of his habeas petition.  See Petr.'s Motion for Change of Venue, at Page 3.  Petitioner also argues that he has been prejudiced by the fact that this Court has provided Respondent with a "second bite of the pie" by ordering an answer addressing all of Petitioner's claims.  See Id., at Page 1.  I do not agree.  Petitioner's arguments stem from the fact that, in its Answer, Respondents identified and responded to only the first four (4) of Petitioner's fifteen (15) claims.  Likewise, when this Court issued its initial Report and Recommendation, only the first four (4) of Petitioner's fifteen (15) claims were addressed.  Underlying both Respondent's and this Court's failure to properly identify all fifteen (15) of Petitioner's claims is the fact that claims five (5) through fifteen (15) were not on the form provided for habeas petitions under § 2254, but rather were typed on the back of the financial affidavit accompanying that form.  Consequently, when this Court reviewed Petitioner's habeas petition and Respondent's answer thereto, it did so with the mistaken understanding that all of

Petitioner's claims had been identified.  This Court reviewed those claims with fairness and impartiality.  The unfortunate fact that Petitioner's additional claims were not addressed was in no way the result of a "one sided reading" of the issues.

To the extent that Hill's motion can be construed as a motion for recusal,[3] the disqualification of a justice, judge or magistrate judge is governed by 28 U.S.C. § 455.  This statute provides that "any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  In discussing recusal the Supreme Court has stated that "the judge's opinions and remarks must reveal a deep seated or high degree of favoritism that would make a fair judgment impossible."  Likety v. United States, 510 U.S. 540, 555-556 (1994).  The Supreme Court has also stated that the recusal inquiry must be "made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances."  Microsoft Corp. v. United States, 530 U.S. 1301, 1302 (2000) (citing Liteky, 510 U.S. at 548).  I do not believe that the facts of the instant matter merit recusal.  As previously stated, Petitioner's claims were not identified due to the fact that they were written on the back of the financial affidavit and not a result of prejudice, or a lack of impartiality.  Such a mistake does not indicate "favoritism" on my part.

Alternatively, Petitioner's motion may be construed as a motion to transfer.  I note

---

[3] I note that Petitioner is not specifically requesting that I recuse myself, but that his habeas petition be transferred out of the Eastern District of Pennsylvania.  Nonetheless, I address this aspect of his argument in an attempt to adequately represent all the issues Petitioner raises in his motion.

that a district court may transfer any civil action to any other district or division where it might have been brought, in the interests of justice. 28 U.S.C.A. § 1404(a). Petitioner is currently incarcerated at the State Correctional Institution at Houtzdale which is located in the Western District of Pennsylvania. Petitioner is in custody under the judgment and sentence of the Court of Common Pleas, Delaware County, which is located in the Eastern District of Pennsylvania. An application for writ of habeas corpus may be filed in the district court for the district where Petitioner is in custody, or the district court for the district within which the state court was held which convicted and sentenced Petitioner. See 28 U.S.C. § 2241(d). Although Petitioner is currently incarcerated in the Western District of Pennsylvania, the state court that convicted and sentenced Petitioner is in the Eastern District of Pennsylvania. All records of conviction, transcripts of proceedings, witnesses, and counsel are located within the Eastern District of Pennsylvania. Therefore, judicial economy will be best served by maintaining jurisdiction of the present federal habeas corpus petition in the Eastern District of Pennsylvania.

Finally, I do not find that the fact that the state court judge that presided over Petitioner's trial is now a District Court Judge for the Eastern District of Pennsylvania in any way prevents a fair and impartial reading of Petitioner's claims. Indeed, I note that the district court judge at issue has not been assigned to this case and is not, nor will he be, associated with this case in any way.

For the foregoing reasons, Petitioner's Motion will be denied. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENDELL HILL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SUPT. PATRICK, et al. | : | No. 05-5261 |

**O R D E R**

AND NOW, this 10th day of SEPTEMBER, 2007, upon consideration of Petitioner's pro se "Motion for Change of Venue" (Doc. #19), IT IS HEREBY ORDERED that the motion is DENIED.

BY THE COURT:

/S/ PETER B. SCUDER
PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE