IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WENDELL HILL : CIVIL ACTION
:
v. :
: No. 05-5261
WILLIAM PATRICK, et al. :

**ORDER-MEMORANDUM**

AND NOW, this 5th day of February, 2009, the "Motion for Hearing Under 28 U.S.C. Rule 60(b)" (docket no. 34) filed by petitioner Wendell Hill is denied.

Following two jury trials in Pennsylvania state court (the first resulted in a mistrial), petitioner Wendell Hill, on April 3, 1984, was convicted of conspiracy and robbery. On November 21, 1984, he was sentenced to 10 to 20 years incarceration, to be served consecutively to a life sentence for an unrelated murder. Commonwealth v. Hill, No. 3107 EDA 2003, at 1-4 (Pa. Super., May 3, 2004). On October 6, 2005, after an unsuccessful direct appeal and protracted proceedings before the PCRA court, petitioner filed a pro se petition for writ of habeas corpus in this court, raising 15 claims. Over petitioner's objections, the Report and Recommendations of Magistrate Judge Peter B. Scuderi were approved and adopted, and the claims denied in two separate orders, dated June 8, 2006 and December 21, 2007.[1]

---

[1] The first order ruled on petitioner's claims numbered 1 through 4, which were listed in the appropriate section of the "Form for Use in Applications for Habeas Corpus Under 28 U.S.C. § 2254." Claims numbered 5 through 15 were listed on the backs of pages 9-12 of the form, and inadvertently were not considered in the initial Report and Recommendation adopted by the June 8, 2006 order. Petitioner appealed the June 8, 2006 order, and the Court of Appeals remanded for consideration of claims 5 through 15. The December 21, 2007 order adopts the Report and Recommendation regarding those claims.

Following entry of the latter order, petitioner appealed. On July 7, 2008, the Court of Appeals denied petitioner's appeal as follows:

> The request for a certificate of appealability is denied. See Slack v. McDaniel, 519 U.S. 472, 484 (2000). Appellant has failed to demonstrate that trial or appellate counsel's performance was constitutionally deficient. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Furthermore, appellant's conviction is supported by sufficient evidence. See Sullivan v. Cuyler, 723 F.2d 1077, 1083-84 (3d Cir. 1983). Appellant has also failed to show that the trial court's jury instructions "so infected the trial that the resulting conviction violated due process." Jacobs v. Horn, 395 F.3d 92, 111 (3d Cir. 2005) (quotation and citation omitted). Finally, Hill has failed to show that the jurors in his trial were not impartial. See Irvin v. Dowd, 366 U.S. 717, 723 (1961).

Hill v. Patrick, July 7, 2008 Order, CA No. 08-1057.

On August 26, 2008, petitioner filed this motion, purportedly under Fed. R. Civ. P. 60(b), requesting a hearing "to redress the issues set forth in his Habeas Corpus Petition that were still not adjudicated as was required by the United States Court of Appeals and which violated petitioner's due process right to meaningful appellate review." Petitioner's motion, at 1 (docket no. 34).

The gravamen of petitioner's motion is that this court incorrectly found some of his claims to be procedurally defaulted, and, therefore, did not adjudicate them, and incorrectly ruled on his other claims. The motion challenges the denial of the habeas petition on the merits. However, the Court of Appeals reviewed the decision of this court

and found the denial of petitioner's claims to be supported by the record. Further review of

of the decision is not warranted, and petitioner's request for a hearing is denied.[2]

BY THE COURT:

/s/ Edmund V. Ludwig
Edmund V. Ludwig, J.

---

[2] It also appears that, despite the Rule 60(b) label, the motion is actually one to alter or amend the judgment under Rule 59: "After a non-jury trial, the court may, on motion for new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Fed. R. Civ. P. 59(a)(2). However, motions under Rule 59 are subject to strict filing deadlines: "A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e). To the extent that the hearing requested by petitioner is actually a new trial, the request, filed more than seven months after the order denying the habeas petition, is out of time and must be denied.